ESTATE OF JOHN MAXWELL GILLESPIE, DECEASED, CARRIE E. GILLESPIE AND MARY W. GILLESPIE, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9692.   Promulgated April 18, 1947.

*J. Stanton Carson, Esq.*, and *J. Merrill Wright, Esq.*, for the petitioners.

*Homer Benson, Esq.*, for the respondent.

#### OPINION.

MURDOCK, *Judge*: The Commissioner determined a deficiency of $3,259.40 in estate tax. The only issue for decision is whether the Commissioner erred in failing to allow the estate a deduction of $5,000. The parties are in agreement as to the facts and have filed a stipulation which, together with three exhibits, is adopted as the findings of fact.

John Maxwell Gillespie, a resident of Pittsburgh, Pennsylvania, died on December 6, 1943. His will was probated in Allegheny County, Pennsylvania. The estate tax return for his estate was filed with the collector of internal revenue for the twenty-third district of Pennsylvania.

The decedent's father, John Gillespie, bought lot 161 in the Homewood Cemetery, Pittsburgh, Pennsylvania, in 1892. Homewood Cemetery is a nonprofit corporation. Lot 161 in the Homewood Cemetery contained at the time of the decedent's death the bodies of his mother and father and of several of his sisters and brothers.

---

[4] The findings show that notes which had only a "remote chance of collection" were not assigned at all.

The decedent, prior to his death, had purchased a lot in Allegheny County Memorial Park, and after his death he was buried in that lot.

The will of the decedent contained the following provision:

FIRST: I give and devise to HOMEWOOD CEMETERY of Pittsburgh, Pennsylvania, the sum of FIVE THOUSAND ($5,000.00) DOLLARS, the same to be invested and reinvested and the income therefrom to be used for the perpetual care and maintenance of the lot in said Homewood Cemetery where my father and mother are buried.

The above bequest of $5,000 was paid by the executors of the decedent on February 14, 1945. They claimed a deduction of that amount in the Federal estate tax return filed by them. They explained the matter in the return and claimed it as a charitable bequest, but stated in the return that it was deductible either as a funeral and administration expense or as a charitable bequest. The Commissioner, in determining the deficiency, disallowed the deduction of $5,000 and explained that it was not "a proper deduction either as a charitable bequest, an administration expense or a funeral expense." The petitioners do not now contend that the $5,000 was deductible as a charitable bequest.

This Court has held, in *Estate of Charlotte D. M. Cardeza*, 5 T. C. 202, that a deduction is proper for an amount which a Pennsylvania decedent directed in her will should be held in trust for the perpetual maintenance of a mausoleum in which the decedent and other members of her family were buried. Appeals by both parties to that proceeding are now pending in the Circuit Court of Appeals for the Third Circuit. The respondent argues that the deduction in the present case is not authorized by law, regardless of what the ultimate decision in the *Cardeza* case may be. His point is that the perpetual care involved in the present case is for a place of burial in which the decedent is not buried, whereas the perpetual care in the *Cardeza* case was for a place of burial where the decedent was herself buried, even though other members of her family were buried there also. The Commissioner argues that sepulchre expense for some other person can not be an expense of the decedent's own funeral.

The only argument made by the petitioners is that the $5,000 is deductible under section 812 (b) (1) as funeral expenses. Section 812 (b) contains the following provisions, among others: The net estate shall be determined by deducting from the gross estate "such amounts—(1) for funeral expenses, (2) for administration expenses, * * * as are allowed by the laws of the jurisdiction * * * under which the estate is being administered * * *." The petitioners point to the fact that the $5,000 here in question was deductible in determining the Pennsylvania transfer inheritance tax. The Pennsylvania law under which it was allowed provides in part as follows:

* * * In ascertaining the clear value of such estates, the only deductions to be allowed from the gross values of such estates shall be the debts of the

decedent, reasonable and customary funeral expenses, bequests or devises in trust, in reasonable amounts, the entire interest or income from which is to be perpetually applied to the care and preservation of the family burial lot or lots, their enclosures and structures erected thereon, reasonable expenses for the erection of monuments or gravestones, grave and lot markers, and the expenses of the administration of such estates * * *. [20 Pa. Stat., sec. 2302.]

The petitioners argue that the $5,000, having been deductible for Pennsylvania inheritance tax purposes, must also be allowed as a deduction for funeral expenses in computing the net estate subject to Federal estate tax. The logic of this argument is not compelling.

The Federal estate tax allows deductions for funeral expenses, administration expenses, and claims against estate of the decedent as are allowed by the laws of the jurisdiction under which the estate is being administered. The law of Pennsylvania imposing transfer inheritance tax allows deductions not only for debts of the decedent, reasonable and customary funeral expenses, and expenses of the administration of the estate, but also it expressly and separately allows a deduction for any bequests or devises for perpetual care of the family burial lot or lots. This difference between the Federal estate tax law and the Pennsylvania transfer inheritance tax law is significant. It seems obvious that some amounts might be deductible under the provision of the Pennsylvania law in regard to perpetual care of a family cemetery lot or lots which might not be deductible as funeral expenses under the Federal law.

The Federal law relates to expenses of the decedent's funeral, not to expenses of the funeral of any other, or to costs of perpetual care of the burial places of others. The Pennsylvania law is more liberal. Although this Court has already taken the position in the *Cardeza* case that amounts expended pursuant to a will of a decedent for the perpetual care of the decedent's place of burial are deductible as funeral expenses, it does not follow that a bequest to a cemetery for the perpetual care of a family burial lot, in which the decedent was not buried and never intended to be buried, would be deductible for Federal estate tax purposes as a funeral expense of his estate. Obviously, the funeral expenses of a decedent's estate would not include money which he bequeathed to take care of a cemetery lot in which he was not to be buried and in which he was not actually buried. The State of Pennsylvania has seen fit to allow a deduction for transfer inheritance tax purposes of such an amount, but the Federal Government has not. This Court has no authority to enlarge the deductions provided by Congress, and, since the petitioners can not bring their case within one of the provisions allowing deductions for Federal estate tax purposes, they must lose.

*Decision will be entered for the respondent.*